In the Matter of the Claim of JOSEPH FISHER, Respondent, against ATLANTIC GUMMED PAPER CORP. et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— On December 22, 1950 this claimant, while engaged in his regular course of employment, lifted an oil drum and sustained accidental injuries of lumbo-sacral sprain, possible protruded disc and traumatic myofascitis, causing him to have defects in flexion of the trunk, a list, and recurrent back pain. Awards for various periods of total and partial disability were made from December 28, 1950 to October 6, 1955. The award to

which this appeal is directed was made on March 8, 1956, and covers the period between October 6, 1955 to March 9, 1956 at the reduced earning rate of $12. The case was closed on March 8, 1956 with a finding of permanent partial disability, upon establishment of a reduced earning capacity of 66⅔%, and the carrier was directed to continue payments at $12 per week reduced earnings. The employer attacks the award upon the basis that the record is wholly lacking in substantial proof to sustain the finding that the claimant was permanently partially disabled from October 27, 1955 to March 9, 1956. A review of the record shows that Dr. Klein, a State physician, stated on November 8, 1954 that the claimant had recurring pain, and that he had a permanent partial disability. Dr. Tuby in his report of September 1, 1955, in addition to the statement that the claimant was totally disabled, and connecting the present condition with the accident of December 22, 1950, answered in the affirmative that claimant had a permanent defect evidenced by backache. Dr. Tuby, who saw claimant on October 26, 1955 and thereafter at least once, testified that at the time he could do limited duty, work that did not involve excessive bending and lifting. The claimant testified that during the period in dispute, he could not work because of back pain, which prevented him from bending, standing, or doing any work. There was medical testimony to the contrary. This factual dispute had been resolved in the claimant's favor on what we feel is substantial evidence. Upon the record we may not say as a matter of law that the board could not so determine this question of fact. Award affirmed, with costs to the Workmen's Compensation Board. Bergan, J. P., Gibson, Herlihy and Reynolds, JJ., concur.